## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FILED

NOV 1 2 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **MAURICE EVANS**<br>**990 St. Margaret's Drive**<br>**Cape St. Claire, MD 21401**<br><br>                    **Plaintiff,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA**<br>**SERVE: Mayor Anthony Williams**<br>**c/o Gladys Herring**<br>**1350 Pennsylvania Avenue, N.W.**<br>**Suite 419**<br>**Washington, D.C. 20004**<br><br>**SERVE: Office of the Corporation**<br>**Counsel**<br>**c/o Janice Stokes or Darlene Fields**<br>**441 Fourth Street, N.W.**<br>**6th Floor South**<br>**Washington, D.C.  20001**<br><br>**and**<br><br>**Maria M. Delaney**<br><br>**SERVE: 941 North Capitol, N.E.**<br>             **7th Floor**<br>             **Washington, DC 20002**<br><br>                    **Defendants.** | )<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>) Judge<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NUMBER  1:03CV02331

JUDGE: Paul L. Friedman

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 11/12/2003

JURY ACTION

### COMPLAINT

Plaintiff, Maurice Evans, states for his complaint against defendant

District of Columbia, as follows:

1

## PARTIES

1.     Plaintiff, Maurice Evans (Evans) is a resident of the State of Maryland

and a former employee of the Defendant, District of Columbia (District) and

for all times mentioned herein Evans worked for the District in the District of

Columbia.

2.     Defendant, District of Columbia (District), is a government entity

engaged in providing municipal services to the residents of the District of

Columbia.

3.     Maria M. Delaney is a resident of the District of Columbia.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this lawsuit pursuant

28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity

jurisdiction) and the amount in controversy exceeds the jurisdictional limits.

This lawsuit is a civil action for violation of rights protected under the United

States Constitution and the Fifth and Fourteenth Amendments.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because

the defendant transacts business in and all acts complained of herein

occurred in the District of Columbia.

6.     Further, this action is brought under Section 1983 U.S.C.A. because it

was enacted to provide a vehicle to enforce rights guaranteed by the

fourteenth amendment. Section 1983 states: Every person who, under color of

any statute, ordinance, regulation, custom, or usage, of any state or territory

or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, inequity, or other proper proceeding for redress.

## FACTUAL BACKGROUND

7.     Maurice Evans was employed for the District for approximately twenty-six (26) years in various capacities; the last position he held was Supervisory Investigator, DS-1810-13/7 in the Alcoholic Beverage Regulation Administration (ABRA).

8.     On or about March 28, 2003, Evans received a 15-day notice of termination from his position as Supervisory Investigator for the Defendant District. The letter was written and delivered by Defendant Delaney.

9.     Pursuant to the terms of the Notice Letter of Termination, Evans' termination would be effective the close of business on Thursday, April 17, 2003.

10.    The Notice letter of Termination stated only that that Evans was being terminated for "disciplinary reasons."

11.    Prior to suspending and terminating Evans, the District failed to provide Evans with notice of the charges against him and an opportunity to rebut the alleged charges against him.

3

12.    Evans, in order to mitigate his damages arising out of this improper and illegal termination, was forced to retire from his employment on or about April 17, 2003.

13.    Shortly thereafter, Evans, by and through his previous attorney, filed an appeal of his termination to the District's Office of Employee Appeals.

14.    To date the District out of ill will and rancorous motive has abjectly refused to provide Evans with a timely response to his request for a hearing or at least a decision regarding his complaint against the "disciplinary" action.

15.    Various employees and agents in behalf of the defendant District including defendant Delaney, met with numerous individuals and members of the media and provided false statements about Evans' employment and termination from his employment from the District.

16.    The agents and employees of the defendants District and Delaney among other things communicated falsely to third parties that Evans:

    (a) was corrupt;

    (b) violated the law and regulations that covered his employment;

    (c) exhibited poor judgment in his employment.

17.    The agents and employees of the District, also in violation of the laws of the District of Columbia, published Evans' personnel records to the public.

18.    Evans filed complaints and requested the District retract the statements and to refrain from further defamatory statements, however the District refused to stop the defamation.

19.    Due to the actions of the defendants and their agents and employees, Evans has suffered physical and mental damage, ridicule, scorn, and contempt personally and professionally, as well as loss of income.

20.    Due to the actions of the defendant, Evans has had to undergo medical treatment.

21.    Defendant District of Columbia was duly served with a notice of claim in this matter pursuant to D.C. Code § 12-309.

## CAUSE OF ACTION

## COUNT ONE

## VIOLATION OF DUE PROCESS

22.    Paragraphs 1-21 are realleged and incorporated by reference as if fully set forth herein.

23.    All actions taken by defendants against the plaintiff were taken under the color of law.

24.    Plaintiff had a property right to continued employment under the various laws and regulations of the District of Columbia in that he had an expectation of continued employment, or at least, not to be terminated for cause absent timely notice and an opportunity to be heard.

24.    Plaintiff had a protected liberty interest in his job in that the various laws and regulations of the District provide restrictions or limitations on the District's right to terminate plaintiff's employment.

25.    Plaintiff's liberty interest in employment has been violated due to the actions of the defendants and its employees and agents in injuring plaintiff's good name and reputation that has foreclosed plaintiff's ability for other employment opportunities.

26.    All actions taken by the defendants and their agents against the plaintiff were in violation of the United States Constitution and its amendments, specifically the 5th and 14th Amendment.

27.    As a direct, foreseeable, and proximate result of defendants' actions in this matter, plaintiff has suffered, and continues to suffer, substantial losses in earnings and other employment benefits, and plaintiff has suffered and continues to suffer pain, discomfort and anxiety, humiliation and emotional distress, and will continue to suffer emotional distress in the future to an amount according to proof.

**WHEREFORE**, plaintiff requests judgment against all defendants jointly and severally, as follows:

(a)    For compensatory damages, including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress and other special and general damages according to proof but no less than $1,000,000.;

(b)    For an award of interest, including prejudgment interest, at the legal

rate;

(c)     For an award to plaintiff of costs of suit incurred on all causes of

action;

(d)     For an award to plaintiff of attorney fees on all causes of action;

(e)     For a permanent injunction enjoining defendants, their agents,

successors, and employees, and those acting in concert with them, from

engaging in each of the unlawful practices, policies, usages, and customs set

in violation of the U.S. Constitution and its amendments.

(f)     For an award to plaintiff of such other and further relief as this court

deems just and proper.

<h2 align="center">COUNT TWO</h2>

<h2 align="center">INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</h2>

28.     Paragraphs 1-27 are realleged and incorporated by reference as if fully

set forth herein.

29.     Defendants, acting on their own and through agents and employees,

engaged in the acts previously described deliberately and intentionally in

order to cause plaintiff severe emotional distress; alternatively, plaintiff

alleges that such conduct was done in reckless disregard of the probability of

such conduct causing would cause plaintiff severe emotional distress.

30.     The above-described conduct did, in fact, cause plaintiff to suffer

extreme and severe emotional distress. As a proximate result of such conduct,

plaintiff suffered embarrassment, anxiety, humiliation, and emotional

distress, and will continue to suffer emotional, the precise amount of which will be proven at the time of trial.

31.     Defendants committed the acts alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights. Because the acts taken towards plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage plaintiff, plaintiff is entitled to recover punitive damages from defendants in an amount according to proof.

**WHEREFORE**, plaintiff requests judgment against defendants jointly and severally, as follows:

(a)    For compensatory damages, including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress and other special and general damages according to proof but no less than $1,000,000;

(b)    For an award of punitive damages on the third, fourth, fifth and seventh causes of action;

(c)    For an award of interest, including prejudgment interest, at the legal rate;

(d)    For an award to plaintiff of costs of suit incurred on all causes of action;

(e)    For an award to plaintiff of attorney fees on all causes of action;

(f)     For a permanent injunction enjoining defendants, their agents, successors, and employees, and those acting in concert with them, from engaging in each of the unlawful practices, policies, usages, and customs set in violation of the U.S. Constitution and its amendments.

(g)     For an award to plaintiff of such other and further relief as this court deems just and proper.

## COUNT THREE

## DEFAMATION

32.     Paragraphs 1-31 are realleged and incorporated by reference as if fully set forth herein.

33.     Plaintiff has served the community as a public official, has enjoyed the good opinion and esteem of the residents and businesses of the community, and has established among the people of the community an excellent reputation for business skill and ability, honesty, integrity, and good character. Plaintiff, through business activity and public service to the people of the community, has acquired a good reputation among the public officials, fellow employees and the general public in the District of Columbia.

34.     Defendants, through their agents acting within the scope of their employment, printed, published, circulated, and distributed false and libelous information about the plaintiff.

35.   Defendants' statements submitted to the newspaper by defendants author. Such statement was written and submitted by defendants with the knowledge and intent that it would be published, circulated, and distributed for the purpose of damaging plaintiff's reputation. The statements of defendant author were, in the normal course of the business of defendant, circulated and distributed widely in areas and communities where plaintiff has a long-established reputation for business skill and ability, honesty, integrity, and good character.

36.   The words published about plaintiff were false, malicious, and defamatory, imputing to plaintiff a lack of skill and integrity, a lack of business judgment, dishonesty, collusion, and conspiracy to violate statutes and ordinances for personal gain.

37.   Among other things the statements published by the defendant about the plaintiff:

     (a) Impugned plaintiff's ability and fitness to serve the people of the community in a position of trust;

     (b) Charged plaintiff with dishonest conduct;

     (c) Charged plaintiff with illegal conduct;

     (d) Charged plaintiff with fraudulent and unethical practices;

     (e) Charged plaintiff with negligence and carelessness in the performance of official duties.

38.     Defendants made the statements knowing they were false.

39.     Defendants' statements injured plaintiff's reputation for honesty, integrity, and ability in the performance of his duties as a public official. Such statements subjected plaintiff, both as a public official to public hatred, contempt, ridicule, and distrust.

40.     Defendants' false, libelous, and defamatory actions have caused plaintiff to suffer great mental anguish, pain, and humiliation, for which plaintiff is entitled to recover damages against defendants.

41.     All actions taken by the defendants was done with malicious intent to defame the plaintiff.

42.     As a further, direct, proximate, and foreseeable result of defendants' conduct, plaintiff has suffered shame, despair, humiliation, embarrassment, depression, and emotional distress resulting in damages in an amount in excess of the minimum jurisdiction of this court, the precise amount of which will be proven at the time of trial. These damages include lost wages, salary, benefits, and certain other incidental and consequential damages and losses.

     **WHEREFORE**, plaintiff requests judgment against defendants jointly and severally, as follows:

(a)     For compensatory damages, including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress and other special and general damages according to proof but no less than $1,000,000;

(b)     For an award of punitive damages on the third, fourth, fifth and

seventh causes of action;

(c)     For an award of interest, including prejudgment interest, at the legal

rate;

(d)     For an award to plaintiff of costs of suit incurred on all causes of

action;

(e)     For an award to plaintiff of attorney fees on all causes of action;

(f)     For a permanent injunction enjoining defendants, their agents,

successors, and employees, and those acting in concert with them, from

engaging in each of the unlawful practices, policies, usages, and customs set

in violation of the U.S. Constitution and its amendments.

(g)     For an award to plaintiff of such other and further relief as this court

deems just and proper.

Respectfully Submitted,

**D. MICHAEL LYLES & ASSOCIATES, P.C.**

By:
D. Michael Lyles, Esq.
D.C. Bar #453056
106 Johnsberg Lane
Bowie, Maryland 20721
Telephone: (301) 249-0521
Facsimile:  (301) 249-0521
*Attorneys for Plaintiff*

**JURY DEMAND**
Plaintiff demands a trial by jury on all issues.

D. Michael Lyles

12